UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**3Lions Publishing, Inc.**
**Plaintiff,**

**Case No.:**

**v.**

**eAssist, Inc. and Does 1-10,**
**Defendant.**

**JURY DEMANDED**

_____/

# ORIGINAL COMPLAINT

Comes now Plaintiff 3Lions Publishing, Inc. ("3LP") with its Complaint against eAssist, Inc, ("EAI") and states as follows:

## INTRODUCTION

1. This is an action for Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C §§ 101 et seq. (the "Copyright Act") and for violation of the Digital Millennium Copyright Act, 17 U.S.C.§ 1202 (the "DMCA").

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides, *inter alia*, information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), having its principal place of business located in Pinellas County at 3958 Talah Drive, Palm Harbor, FL 34684.

3. Upon information and belief Defendant EAI is a Wyoming company that describes itself as follows: "The purpose of eAssist is to provide front office administrative support for dental offices.  Its core product, dental insurance billing collection support, helps dental offices collect

what is owed to them from insurance companies by submitting all dental insurance claims for patients, appealing rejected claims, and posting all EOBs (explanation of benefits) payments to patient's ledgers." with its principal place of business located in Laramie County, 1712 Pioneer Ave. Suite 1384, Cheyenne, WY 82001.

4.     Upon information and belief, at all times material hereto, Defendant EAI operated through the acts of its employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

5.     This Complaint alleges Copyright Infringement under the Copyright Act and violation of the DMCA under 17 U.S.C. § 1202. This Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. § 1338(a).

6.     This Court has personal jurisdiction over Defendant because Defendant's tortious acts of copyright infringement all occurred either directly or indirectly within this jurisdiction, and elsewhere in the State of Florida as well as throughout the United States, and/or was specifically targeted at this jurisdiction. Defendant knew, or should have known, that its acts of Copyright Infringement targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction where the intellectual property was created, is stored and the subject of the action. *See* <u>Exhibit A</u>, Google page of eAssist employment positions in Florida, attached hereto and included herein by reference[1].

**7.**     Venue is proper in this judicial district pursuant to 28 U.S.C 1391(b) and (c) because Defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

---

[1] All exhibits are attached hereto and included herein by reference.

## ALLEGATIONS COMMON TO ALL COUNTS

8. 3LP owns a website entitled the HIPAA Survival Guide ("HSG"), located on the Internet at www.hipaasurvivalguide.com (hereinafter referred to as "Website").

9. The Website is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10. The Website contains "protectable elements" afforded copyright protection, said elements include, but are not limited to, the unique written content, images, graphics, and the unique expressions set forth in the Website.

11. The authors of the Website duly applied to the Library of Congress Copyright Office, and received a Certificate of Registration for the Website, and subsequently transferred all rights in and to the Website to Plaintiff 3LP. *See* Exhibit B, HSG U.S. Copyright registration.

12. 3LP is the sole owner of the Website's copyright.

13. 3LP is informed and believes that sometime after the Website was published, EAI, or an agent working on behalf of EAI, had access to the Website content.

14. Subsequent to the issuance of the Website's copyright certificate, Defendant EAI, or an agent working on behalf of EAI, obtained a direct copy of specific portions of the Website content ("the Work") and published an exact copy of the Work ("Infringing Content") on its company website, located at https://dentalbilling.com/ada-offers-tips-preparing-possible-hipaa-audit/. *See* Exhibit C, Defendant's Infringing Content, taken from http://www.hipaasurvivalguide.com/hitech-act-summary.php. *See* Exhibit D. 3LP Infringed content.

15. Plaintiff's copyright management information is included on the bottom of the HITECH ACT Summary page (located at http://www.hipaasurvivalguide.com/hitech-act-summary.php.)

The Work infringed was taken from the HITECH ACT Summary page. *See* <u>Exhibit D</u>.

16. Upon information and belief, at the time Defendants obtained the Work it bore a copyright notice and copyright management information on the bottom right-hand side of the webpage.

17. Upon information and belief, Defendants removed the copyright management information from the Work prior to reproducing it and uploading it onto their website for publication and distribution and affixing their own copyright management information onto the website wherein the infringed Work was posted.

18. 3LP became aware of Defendant's use of the Infringing Content on or about November 26, 2018.

19. On or about November 27, 2018. 3LP, via counsel, notified EAI that EAI had infringed on its copyright. Indicating in part "although it is our Client's hope that this matter may be resolved without the need for legal action, our Client fully intends to pursue all remedies allowed by applicable law if amicable resolution cannot be reached." *See* <u>Exhibit E</u>, first notification of copyright infringement to EAI.

20. On or about November 29, 2018 3LP counsel was contacted by Taylor L. Anderson counsel for EAI via telephone. Unfortunately, counsels were unable to work out an amicable agreement.

21. 3LP never entered into any agreement with EAI that would permit EAI to adapt or otherwise use the Work; therefore, EAI possesses no rights whatsoever in the Work, including any of the exclusive rights owned by 3LP under the Copyright Act.

### Count I – Copyright Infringement
**[Damages for Copyright Infringement 17 U.S.C. § 501(a)]**

22.     3LP incorporates by reference all the allegations set forth in ¶¶ 1-21 as if fully set forth herein.

23.     3LP is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been made and a certification issued.

24.     Defendant, by using 3LP's Work for its own economic gain without a contractual agreement with 3LP— unlawfully reproduced the Work, unlawfully distributed the Work, unlawfully displayed the Work, and unlawfully created derivative versions of the Work, in violation of 3LP's enumerated rights contained in the Copyright Act. *See generally* 17 U.S.C. §§ 106 and 501.

25.     Upon information and belief, Defendant's acts of copyright infringement were willful and deliberate, in reckless disregard of 3LP's copyright, and intended for its own economic gain, without consideration for processes and safeguards that would have protected the rights of copyright holders. *See* 17 U.S.C. § 504(c)(2). 3LP suffered actual damages as a result of Defendant's infringement.

### Count II–Violation of Digital Millennium Copyright Act
**[Integrity of Copyright Management Information 17 U.S.C § 1202]**

26.     3LP incorporates by reference all the allegations set forth in ¶¶1-21 as if fully set forth herein.

27.     Through the publication of the Work, Defendants knowingly and with the intent to induce, enable, facilitate or conceal information, distributed or imported for distribution copyright management information that was false, including but not limited words conveyed

along with the copyright symbol followed by the year published, the name of the owner of the Work, the copyright holder, and terms and conditions for use of the Work.

28. Through the publication of the Work, Defendants, without the authority of Plaintiff, intentionally removed or altered copyright management information.

29. Through the publication of the Work, Defendants distributed or imported for distribution, copyright management information knowing that the copyright management information had been removed or altered without the authority of Plaintiff, the copyright owner.

30. Defendants engaged in the above described acts despite knowing or having reasonable grounds to know that the above acts would induce, enable, facilitate or conceal an infringement of any right under the DMCA.

31. Defendants' knowing alteration of Plaintiff's copyright management information infringed Plaintiff's copyright under the DMCA, 17 U.S.C. § 1202(a) and (b). Plaintiff is entitled to damages or statutory damages, and attorneys' fees pursuant to 17 U.S.C. § 1203.

## JURY DEMAND

3LP requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, 3LP respectfully requests that the Court:

### Count I – Copyright Infringement

(A) Permanently enjoin EAI and all other persons who are in active concert or participation with EAI from continuing to infringe 3LP's copyrighted Work;

(B) Order EAI to delete and permanently remove copies of 3LP's Work from each of the computers under EAI's possession, custody or control;

(C) Award 3LP statutory damages in the amount of $30,000 pursuant to 17 U.S.C. § 504(c);

(D) Award 3LP reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(E) Grant 3LP any other and further relief this Court deems just and proper.

## Count II -Digital Millennium Copyright Act

(A) Award Plaintiff statutory damages under 17 U.S.C § 1203.

(B) Award Plaintiff costs and attorneys' fees under 17 U.S.C. § 1203;

(C) Grant Plaintiff any other and further relief as this Court deems just and proper.

## Designation of Place of Trial

3LP hereby designates Tampa, Florida as the place of trial of the above styled matter.

                Respectfully submitted,


                By: /s/ Carlos A. Leyva
                Carlos A. Leyva
                Florida Bar No. 0051017
                **DIGITAL BUSINESS LAW GROUP, P.A.**
                3958 Talah Drive
                Palm Harbor, FL 34684
                (800) 516-7903
                Fax: (800) 257-9128
                Email: cleyva@digitalbusinesslawgroup.com

                **ATTORNEY FOR PLAINTIFF**
                **3LIONS PUBLISHING INC.**